UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------
:
RABBI KOHAN EL-BEY ALI,  :  CASE NO. 1: 20 CV 238
:
    Plaintiff,  :
:
vs.  :  OPINON & ORDER
:
MICHAEL WEARSCH, *et al*.,  :
:
    Defendants.  :
:
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

**Background**

Identifying himself as Rabbi Kohan El-Bey Ali, *pro se* plaintiff filed a complaint "In Admiralty" against three Ohio employees, Ohio State Highway Patrol Trooper Michael Wearsch, and Sergeants Clifton Dowell and Paul March. (Doc. 1.) On February 18, 2020, he filed a "Motion for leave to file amended complaint as a matter of course," adding Lieutenant Michael Crum, Sergeant David Kish, and the State of Ohio as defendants. (Doc. 4.)[1]

Although the plaintiff's pleadings consist largely of incomprehensible rhetoric and do not set forth clear allegations, his action pertains to his arrest and prosecution in Lorain County following an August 2019 encounter with defendant Wearsch. The plaintiff contends that after an encounter with Wearsch, he was arrested "without a lawful 4th amendment warrant" and wrongly prosecuted in Lorain County for possessing an illegal weapon. (Doc. 1 at 2; Doc. 4-1 at 2.)

---

[1] This motion is granted. Fed. R. Civ. P. 15(a)(1).

Case No. 20cv238
Gwin, J.

Asserting "fraud, conspiracy, collusion, racketeering, abuse of power, denial of due process, dishonor in commerce, abuse of process, extorsion, coercion, obstruction of justice, etc.," he seeks dismissal of "any and all claims" against him, "return [of his] Glock 42 firearm," and "damages as indicated by [his] counterclaim." (Doc. 1 at 4; Doc. 4-1 at 4.)

On March 2, 2020, the plaintiff filed a motion for default (Doc. 5), which defendants Wearsch, Dowell, and March opposed. Those defendants then filed a motion to dismiss the plaintiff's original complaint pursuant to Fed. R. Civ. P. 12(b)(6), contending his allegations are insufficient to state a plausible federal claim against them under 42 U.S.C. § 1983, and that the Court lacks jurisdiction over any claim the plaintiff purports to assert under state tort law. (Doc. 14.) They also point out that the state criminal prosecution of which the plaintiff complains is still underway in Lorain County. (*See* Doc. 19 at 3, n. 1; *State of Ohio v. Andre Cohen*, 19 CR 101341 (Lorain Cty. Ct. of Comm. Pls.).)

The plaintiff does not dispute the moving defendants' arguments. In response to their motion to dismiss, he merely asserts that "[t]his is an admiralty/maritime cause of action" and that the Court should "pronounce the Respondents/Libelants to be in contumacy and default" because they have not filed an answer to his complaint. (Doc. 18 at 1, 2.)

**Analysis**

Upon review, the Court finds that the plaintiff's action must be dismissed under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). *See Bellotti v. Baird*, 428 U.S. 132, 143–44 n. 10 (1976) (a federal court may raise the issue of abstention *sua sponte*).

The *Younger* abstention doctrine is based on the principle that, absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). Federal courts abstain in favor of state court proceedings where there exists: (1) an ongoing state judicial proceeding; (2) an important

-2-

Case No. 20cv238
Gwin, J.

state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

These circumstances are all present here. A state criminal prosecution against the plaintiff – as to which the plaintiff seeks the dismissal of "any and all claims" – is underway in Lorain County. The state criminal proceeding implicates important state interests. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). And the plaintiff has not demonstrated that the state proceeding does not afford him an adequate opportunity to raise constitutional concerns regarding his arrest and the taking of his property.

While there are exceptions to the *Younger* abstention doctrine, these exceptions have been construed narrowly. *Zalman*, 802 F.2d at 205. If a criminal prosecution is pending in state court at the time a complaint is filed, "*Younger* requires federal noninterference, unless extraordinary circumstances are otherwise found to exist." *Id.* at 204. The plaintiff has not alleged or shown that any exception to the *Younger* doctrine is warranted in this case. *See Amanatullah v. Colorado Board of Medical Examiners*, 187 F.3d 1160, 1165 (10th Cir. 1999) (citing *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (in order to overcome the bar of *Younger* abstention, a plaintiff must do more than set forth mere allegations of bad faith or harassment).

**Conclusion**

Accordingly, the Court declines to exercise jurisdiction in this case based on the abstention doctrine in *Younger*. This action is therefore dismissed, and any remaining pending motions are denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Case No. 20cv238
Gwin, J.

Dated:  June 1, 2020                                    *s/  James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE